IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RECRUITING FORCE, LLC | § | |
| | § | |
| v. | § | A-19-CV-1045-RP |
| | § | |
| MAINTHIA TECH., INC., et al. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Dkt. No. 12); Defendants' Motion to Compel Arbitration, or Alternatively Motion to Dismiss (Dkt. No. 10); and all related responses and replies.[1] The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I. BACKGROUND**

This case concerns a business dispute between two joint venture partners, Recruiting Force, LLC d/b/a Recruit Veterans on the one hand, and Mainthia Technologies, Inc. and its principal, Hemant Mainthia, on the other (collectively "MTI"). The dispute centers on the management of their joint venture, RVMTI JV, LLC. In 2016, the parties entered into a Joint Venture Agreement to form RVMTI, to bid on and perform engineering work under a services contract with Boeing. The Agreement provided that MTI would be responsible for payroll, insurance, and employee benefits for the Joint Venture. In 2016, RVMTI entered into a separate one year consulting services

---

[1] Because the Motion to Remand challenges the Court's jurisdiction, the Court addresses it first. *See Hardy v. JPMorgan Chase Bank, Nat. Ass'n*, 2014 WL 2700800 at *1 (W.D. Tex. June 13, 2014).

agreement with MTI, which provided the terms by which MTI would be compensated for administering RVMTI. After the first agreement expired, RVMTI and MTI entered into a second one-year service agreement effective October 1, 2017, and expiring September 30, 2018.

At the end of this second agreement MTI and Mainthia proposed a new agreement with an additional "management" fee of $5,000 per month. Beginning in November of 2018, without a new service agreement in place, and despite the fact that neither RVMTI nor Recruiting Veterans agreed to the additional fee, MTI began sending invoices to RVMTI including the additional $5,000 monthly fee. *Id.* Recruit Veterans asserts that MTI also charged RVMTI additional unauthorized administrative fees and upcharges on labor, materials, and travel during this time. *Id.* at 8-9. Section 8.1 of the Agreement states that, "costs shall not include any charges against the Joint Venture for any general and administrative overhead expenses or charges." Additionally, MTI billed RVMTI for proposal writing, something prohibited by Section 2.1 of the Agreement. When the charges remained unpaid, MTI eventually sent a letter to Recruit Veterans threatening legal action if RVMTI did not pay the charges. *Id.* When neither Recruit Veterans nor RVMTI approved payment of the fees, MTI attempted to pay itself from RVMTI's bank account, which was halted by the bank. Along with the fees allegedly accruing after the expiration of the 2017 agreement, Recruit Veterans asserts that MTI has improperly demanded that RVMTI pay it $5,000 per month for 36 months of retroactive fees.

Additionally, Recruit Veterans asserts that MTI and its principal, Hemant Mainthia, have usurped control of RVMTI and interfered with and prevented routine company business, including removing access to financial records so Recruit Veterans cannot take over the books from MTI; refusing to approve actions such as moving bank accounts, transitioning RVMTI to electronic timesheets, and approving distributions; and refusing to share employee healthcare insurance

2

information to stymie efforts to get now quotes—all in an effort to collect the additional unauthorized management fees.

Recruit Veterans asserts that through their attempts to control the Joint Venture, MTI is jeopardizing RVMTI and its contract with Boeing, and alleges that MTI has threatened to cause Boeing to cancel the contract and award it to MTI if RVMTI does not make the payments. *Id.* at 11. On behalf of itself and derivatively on behalf of RVMTI, Recruit Veterans brings this suit asserting MTI breached its fiduciary duty as manager of RVMTI, and breached the Joint Venture Agreement, and seeking a declaration that RVMTI is not obligated to pay MTI outstanding management fees or other expenses. MTI removed the case to federal court asserting diversity. Recruit Veterans moves to remand for lack of subject matter jurisdiction claiming there is no diversity, which turns on whether Recruit Veterans' claims are considered derivative or direct.

## II. STANDARD OF REVIEW

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction and compliance with the requirements of the removal statute. *Shearer v. Sw. Serv. Life. Ins.*, 516 F.3d 276, 278 (5th Cir. 2008). The Court must resolve all "doubts regarding whether removal jurisdiction is proper . . . against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citations omitted). Additionally, the Court must strictly construe removal statutes "against removal and for remand." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). "Subject matter jurisdiction on the basis of diversity 'requires that all persons on one side

of the controversy be citizens of different states than all persons on the other side.'" *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767 (5th Cir. 2015) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)).

A corporations is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1). "The citizenship of a LLC is determined by the citizenship of all of its members." *Harvey,* 542 F.3d at 1080 (collecting cases). "In a derivative action brought on behalf of a limited liability company by one member against another member, regardless of whether the company is aligned as a plaintiff or a defendant, diversity is destroyed as the company has the citizenship of its members." WRIGHT & MILLER, 13E Fed. Prac. & Proc. Juris. § 3606 (3d ed.). Thus, if the suit is properly characterized as derivative, there is no diversity jurisdiction, and remand is required.

## III. ANALYSIS

Recruit Veterans moves to remand asserting a lack of subject matter jurisdiction. Specifically, it contends it is bringing a derivative suit on behalf of RVMTI and thus RVMTI is also a party to the suit, aligned as a plaintiff. As an LLC, RVMTI's citizenship is that of its members, one of which is MTI. With RVMTI as a plaintiff, and MTI as a member, MTI's Ohio citizenship is present on both sides of the suit thereby destroying diversity. *See Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114 (4th Cir. 2004) (a party's presence on both sides of the controversy destroys diversity). Recruit Veterans cites various cases in support of this proposition. *Gazewood v. Duplantis*, 2018 WL 4688787, at *2 (W.D. Tex. July 19, 2018) report and recommendation adopted, 2018 WL 6220124 (W.D. Tex. Sept. 19, 2018); *Faizy v. Mesghali*, 2017 WL 4574446, at *3 (N.D. Tex. Oct. 13, 2017). MTI responds that the Court should ignore the "derivative" label Recruit Veterans has placed on the

4

case, as the claims are in fact direct claims, and the Court should therefore treat RVMTI as a purely "nominal" party for diversity purposes, making its citizenship irrelevant. *See Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006); *Mallia v. PaineWebber, Inc.*, 889 F. Supp. 277, 281-82 (S.D. Tex. 1995) ("when a plaintiff's claims are direct in nature . . . the limited partnership will not be considered an indispensable party under FED. R. CIV. P. 19, and will not be included in a court's analysis of diversity jurisdiction.").

A party is nominal such that its citizenship does not destroy diversity if, "in the absence of the [party], a court could enter final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Id.* MTI argues that Recruit Veterans' claims are direct because its claims only seek to rectify financial injuries to Recruit Veterans, and "the purpose of this lawsuit. . . is to protect Recruit Veterans' cash flow, not to protect RVMTI." Dkt. No. 13 at 6. MTI further notes that, despite contending that it is bringing the claim as a derivative one, Receuit Veterans asks for any damages to be paid to it, not to the joint venture. MTI argues this alone is sufficient to render RVMTI a nominal party.

"In a derivative suit, a shareholder sues on behalf of the corporation for harm done to the corporation." *Mallia*, 889 F. Supp. at 282 (quoting *Lenz v. Associated Inns & Restaurants Co. of Am.*, 883 F. Supp. 362, 378 (S.D.N.Y. 1993)). In contrast, when a plaintiff brings an action complaining of a direct, independent injury, the cause is a direct action. *Id.* The issue is thus whether Recruit Veterans is alleging an injury to itself or to RVMTI. The determination of whether a claim is a derivative claim or a direct claim is made by reference to the nature of the wrongs alleged in the complaint, and is not limited by a [party's] characterization or stated intention." *HB General Corp. v. Manchester Partners, L.P.*, 1995 WL 311351 (D.N.J.) (citing *Lenz,* 833 F. Supp. at 379). It is not

Recruit Veterans' characterization of its claims as direct or derivative that matters, but instead what matters is the precise relief Recruit Veterans is requesting, and through what claims. *Mallia,* 889 F. Supp. at 281-82 (the nature, not the label, of a claim determines whether the claim is direct or derivative).

As noted, Recruit Veterans asserts that MTI as a manager of RVMTI and as a partner in the Joint Venture, breached its fiduciary duties to RVMTI and Recruit Veterans through overcharges to, and mismanagement of, RVMTI. Second, Recruit Veterans requests a declaration from the Court that under the Joint Venture Agreement RVMTI is not required to pay MTI certain fees and expenses. Third, Recruit Veterans asserts that MTI breached the Joint Venture Agreement through its overcharges to RVMTI and refusal to allow Recruit Veterans access to RVMTI's financial records, as well as by interfering with its attempts to manage the company. In a derivative action, the business entity is the real party to the controversy if it possesses the right that was allegedly violated. *Faizy*, 2017 WL 4574446, at *2. Recruit Veterans sues to enforce RVMTI's rights under the Agreement and general fiduciary duties owed to RVMTI. Any fiduciary duties owed by MTI and Mainthia are owed to RVMTI. Moreover, the party that Recruit Veterans contends was overcharged is the Joint Venture, as the services at issue were those for managing the Joint Venture, and were not services rendered to Recruit Veterans. Those fees were charged to RVMTI, and were payable by RVMTI. Recruit Veterans also complains that MTI and Mainthia injured RVMTI by jeopardizing the Boeing contract. That contract is between Boeing and RVMTI, and not Boeing and Recruit Veterans. Moreover, Recruit Veterans seeks a declaration of RVMTI's rights vis-a-vis MTI. These claims all assert injuries to RVMTI and not just to Recruit Veterans. From this, it appears that Recruit Veterans' claims are at least in part, derivative claims. This is sufficient to destroy diversity.

*See Bankston v. Burch*, 27 F.3d 164, 166-67 (5th Cir. 1994) (dismissing action where some of plaintiff's claims were derivative in nature).

In its argument to the contrary, MTI relies heavily on *French v. Fisher,* asserting this case and *French* are "indistinguishable." *See French v. Fisher*, 2017 WL 9935520 (W.D. Tex. Oct. 11, 2017), report and recommendation adopted, 2018 WL 3603103 (W.D. Tex. Feb. 16, 2018). The Court disagrees. In *French*, an individual who was one of three members of a Texas limited liability company, made individual and derivative claims on behalf of the corporate entity against his partners, asserting breach of contract and breach of fiduciary duty claims. These claims were based upon the plaintiff's allegations that the partners raised their own salaries, paid themselves bonuses, and inappropriately charged personal expenses to the company. The partners asserted that French's claims should be dismissed because they were derivative claims belonging to the company, and only the company could recover on those claims. The court, emphasizing the plaintiff's argument that the breach of the company agreement was a "thinly veiled attempt to extricate profits from [the company] without paying [plaintiff] his fair 1/3 share of the distribution," *id.* at *3, found that the claims were direct, and the company was improperly joined. The Court focused on the fact that there were no allegations that the company was damaged, only the plaintiff. It stated:

> [W]hen a plaintiff brings an action complaining of direct, independent injury, the cause is a direct action. Here, the relationship among First Page's only three members, French, Fisher, and Boskoff, is governed by the Company Agreement that underlies the various breach claims in this suit. The specifics French alleges underscore that his claims are fundamentally his alone, not derivative claims on behalf of First Page, as all alleged harms tellingly center on one aspect of the Company Agreement. He asserts that the complained-of conduct "is simply a thinly veiled attempt to extricate profits from [First Page] without paying French his 1/3 share of the distribution." The harm he alleges and the relief he seeks fundamentally accrue to French alone and his pleadings are otherwise insufficient to support a derivative claim on behalf of First Page. Therefore, for diversity purposes, First Page

7

> is a nominal party at best, its citizenship is disregarded in the undersigned's analysis, and it should be dismissed.

*Id.*, at *4 (internal citations omitted). This varies significantly from the instant case, where Recruit Veterans' claims focus on the harm to RVMTI and not to itself. In *French*, the plaintiff's complaints focused on the individual partner's distribution, and not the overall "wellbeing of the company," whereas here Recruit Veterans claims MTI overcharged and mismanaged RVMTI, and it asks for relief on behalf of RVMTI. Dkt. No. 1-1 at 1.

MTI also makes much of the fact that Recruit Veterans has asked the Court to treat the derivative claims as direct actions pursuant to § 101.463 of the Texas Business Organizations Code, asserting that by doing so Recruit Veterans has transformed its derivative claim into a direct claim, and RVMTI into a "nominal party." Recruit Veterans responds that § 101.463 is simply a procedural device that makes it easier for members of closely held limited liability companies to bring derivative actions. Section 101.463 provides:

> [i]f justice requires:
>
> (1) a derivative proceeding brought by a member of a closely held limited liability company may be treated by a court as a direct action brought by the member for the member's own benefit; and
>
> (2) a recovery in a direct or derivative proceeding by a member may be paid directly to the plaintiff or to the limited liability company if necessary to protect the interests of creditors or other members of the limited liability company.

TEX. BUS. ORG. CODE § 101.463(c). MTI asserts that because the statute results in Recruit Veterans and not RVMTI receiving any monetary relief flowing from the suit, the nature of the claim is undeniably direct and not derivative. The Court is not persuaded by this argument. MTI points to no case where a party's request for a court to apply § 101.463 transformed an otherwise derivative claim

into a direct one. As pointed out by Recruit Veterans, every court that has considered the issue has rejected the argument. *See In re Black Elk Energy Offshore Operations, LLC*, No. 2016 WL 4055044, at *2 (Bankr. S.D. Tex. July 26, 2016); *Kosarek v. Quintanilla (In re Premium Well Drilling, Inc.)*, 5:13-cv-294-FB (W.D. Tex. Nov. 5, 2013) (ECF No. 1131–1 at 17); *Swank v. Cunningham,* 258 S.W.3d 647, 665 (Tex. App.—Eastland 2008, pet. denied).[2] *See also Tsuru v. Kayaba*, No. 2009 WL 10694905, at *4 (S.D. Tex. Mar. 23, 2009); *DH Aviation, L.L.C. v. Holly*, 2005 WL 770595, at *7 (N.D. Tex. Mar. 31, 2005). The Court is persuaded by the weight of this case law and finds that the invocation of TEX. BUS. ORG. CODE § 101.463 by Recruit Veterans does not require the Court to treat Recruit Veterans' derivative claims as direct, and does not require the Court to treat RVMTI as a nominal party. Because the Court must consider RVMTI's citizenship, there is not complete diversity in this case, and thus remand in required.

## IV. ATTORNEYS' FEES

Finally, Recruit Veterans seeks an award of attorneys' fees, costs, and expenses incurred as a result of the removal. Courts have the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In general, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While the Court finds that removal was improper in this case it cannot find that MTI lacked an objectively reasonable basis for removal. The Court, in its discretion, therefore recommends that the request for attorneys' fees, costs, and expenses be denied.

---

[2] The Texas statute at issue in *Kosarek* and *Swank* contains identical language, but applies to closely held corporations instead of closely held limited liability companies. Compare TEX. BUS. ORG.CODE § 21.563, with § 101.463.

## V. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Dkt. No. 12) and **REMAND** this case to the 425th Judicial District Court for Williamson County, Texas, along with any pending motions, and **DENY** Plaintiff's request for attorneys' fees and costs. It is **FURTHER ORDERED** that this cause of action is **REMOVED** from the docket of the undersigned.

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of April, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE